■ In the Matter of HUDSON VIEW GARDENS, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a parking sales tax imposed under Tax Law article 29.

Petitioner, a New York City apartment cooperative, contends that respondent erred in concluding that parking "fines" collected by petitioner from its tenants are subject to a parking sales tax pursuant to Tax Law § 1107 (c) and § 1212-A. We find nothing irrational in respondent's conclusion and, therefore, confirm its determination.

Petitioner is an incorporated entity which provides a number of services for its tenants, including free parking for a limited number of cars on a portion of the semicircular driveway serving the premises. Overnight parking, however, is prohibited and a $3 "fine" is imposed on tenants who violate

the restriction. A "fine" of $5 is imposed for parking in so-called "red zones", where parking is prohibited at all times. The "fines", listed as parking assessments, are included in the monthly charge of assessments for services, such as air conditioning and telephones, billed to the tenants. During the audit period, parking "fines", mostly for overnight parking, generated income at the rate of $1,000 per month. Based upon these facts, respondent could rationally conclude that petitioner was a person operating a parking lot or other place of business engaged in providing parking for motor vehicles and that the "fines" constituted receipts from the sale of the service of providing parking for motor vehicles (Tax Law § 1107 [c]). That the facts also support a different conclusion does not render respondent's determination irrational (Matter of Acosta v Wollett, 55 NY2d 761, 763).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.